CHRIS P. GUTIERREZ,

    Plaintiff,

v.     **3:21-cv-25**

RUDOLPH CHEVROLET, LLC and
SOUTH DESERT COLLISION CENTER, LLC

    Defendant.

<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>

TO THE HONORABLE UNITED STATES DISTRICT COURT:

    Plaintiff, Chris P. Gutierrez ("Employee Gutierrez"), files this Original Complaint complaining of Employer Rudolph Chevrolet, LLC ("Employer Rudolph") and South Desert Collision Center, LLC ("Employer South Desert"), showing:

## I. PARTIES

1. Plaintiff, Chris P. Gutierrez, is an individual residing in El Paso, Texas, and is a citizen of the State of Texas.

2. Defendant, Rudolph Chevrolet, LLC, 5625 South Desert Boulevard, El Paso, Tx 79932, is a citizen of the State of Texas because its principal place of business is in Texas; it is a For-Profit Company, and may be served with process by serving its registered agent, Dennis R. Neessen at 5626 South Desert road El Paso, Tx 79932, or wherever he/she may be found.

3. Defendant, South Desert Collision Center, LLC, 5415 South Desert Boulevard, El Paso, Tx 79932, is a For-Profit Company and may be served with process by serving its registered agent, Dennis R. Neessen at 5625 South Desert road El Paso, Tx 79932, or wherever he/she may be found.

## II. VENUE

3. Venue is proper in the Western District of Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in El Paso County, Texas.

## IV. CHRONOLOGY OF FACTS

4. Employers MUST, under the Family and Medical Leave Act, prevent discrimination against employees who take job-protected medical leave for their own serious health condition to protect employees, like all of us, from financial injuries and emotional traumas.

5. Employers MUST, under the Family and Medical Leave Act, return employees to the same or an equivalent position they held upon returning from medical leave to protect employees from financial injuries and emotional traumas.

6. Employers MUST, under the Family and Medical Leave Act, prevent retaliatory job terminations against employees who take job-protected medical leave for their own serious health condition and protect employees, like all of us, from financial injuries and emotional trauma.

7. Rudolph Chevrolet, LLC is an employer.

8. South Desert Collision Center, LLC is an employer.

9. Rudolph Chevrolet, LLC is an employer which must abide by the Family and Medical Leave Act.

10. South Desert Collision Center, LLC is an employer which must abide by the Family and Medical Leave Act.

11. Employers MUST, under the Family and Medical Leave Act, prevent discrimination against employees who take job-protected medical leave for their own serious health condition to protect employees from financial injuries and emotional traumas.

12. Employers MUST, under the Family and Medical Leave Act, provide job-protected medical leave to employees for their own serious health condition to protect employees from financial injuries and emotional trauma.

13. Employers MUST, under the Family and Medical Leave Act, prevent retaliatory job terminations against employees who take job-protected medical leave for their own serious health condition and protect employees, from financial injuries and emotional trauma.

14. On or about March 15, 2018 Employer Rudolph and Employer South Desert hire an Employee as an automotive body and fender technician.

15. Shortly after hiring Employee, Employer Rudolph and Employer South Desert body technicians Leonardo Rangel and Ray Villanueva insult Employee on a daily basis.

16. On a daily basis, Employer Rudolph and Employer South Desert employee Eduardo Perez constantly touch Employee's body.

17. On or about December 3, 2018, Employer Rudolph and Employer South Desert Body Technician Leonardo Rangel violently punches Employee in his groin area severely injuring Employee.

18. On or about December 5, 2018, Employer Rudolph and Employer South Desert Manager Tommy Andler is **put on notice that Employee has a serious health condition, a hernia and damage to his groin area** via doctor note.

19. On or about December 6, 2018 Human Resources Director Leean LNU brushes aside Employee's complaint about the serious health condition caused by the assault by Employer's technician, when she says, "the boys are just horse-playing" and does nothing to protect Employee.

20. Upon returning to work on or about December 10, 2018, Employer Rudolph and Employer South Desert Body technicians Leonardo Rangel and Ray Villanueva abusively express to Employee, "por que no te moriste cuando fuiste al doctor! Porqué regresaste al trabajo?!" "Why didn't you die when you went to the doctor! Why did you come back to work?!"

21. On or about December 10, 2018 Employer Rudolph and Employer South Desert receive notice via doctor's note to HR Director Leean that Employee's doctor is releasing Employee back to work and requesting that Employer provide Employee a workplace accommodation which respects the limitation that he *may not lift/carry objects more than 20 lbs for more than 8 hours per day*, as a result of the physical, sexually harassing assault by Employer Rudolph's and Employer South Desert's Body Technician Leonardo Rangel.

22. **On or about December 10, 2018, instead of returning Employee to the same or an equivalent position, Employer Rudolph and Employer South Desert Human Resources Director Leean LNU tell Employee there is no work for him.**

23. On or about December 17, 2018 Employer Rudolph and Employer South Desert receive notice via doctor's note to HR Director Leean that Employee's doctor is releasing Employee back to work and again requesting that Employer provide Employee an accommodation, which respects the limitation that he *may not lift/carry objects more than 20 lbs for more than 8 hours per day*, as a result of the physical, sexually harassing assault by Employer Rudolph's and Employer South Desert's Body Technician Leonardo Rangel.

24. **On or about December 17, 2018, instead of returning Employee to the same or an equivalent position, Employer Rudolph and Employer South Desert**

**Human Resources Director Leean LNU tell Employee for the second (2nd) time there is no work for him.**

25. On or about December 24, 2018 Employer Rudolph and Employer South Desert receive notice via doctor's note to HR Director Leean that Employee's doctor is releasing Employee back to work and again requesting that Employer provide Employee an accommodation, which respects the limitation that he *may not lift/carry objects more than 10 lbs for more than 4 hours per day,* as a result of the physical, sexually harassing assault by Employer Rudolph's and Employer South Desert's Body Technician Leonardo Rangel.

26. **On or about December 24, 2018, instead of returning Employee to the same or an equivalent position, Employer Rudolph and Employer South Desert Human Resources Director Leean LNU tell Employee for the third (3rd) time there is no work for him.**

27. On or about December 31, 2018 Employer Rudolph and Employer South Desert receive notice via doctor's note to HR Director Leean that Employee's doctor is releasing Employee back to work and again requesting that Employer provide Employee an accommodation, which respects the limitation that he *may not lift/carry objects more than 10 lbs for more than 4 hours per day*, as a result of the physical, sexually harassing assault by Employer Rudolph's and Employer South Desert's Body Technician Leonardo Rangel.

28. **On or about December 31, 2018, instead of returning Employee to the same or an equivalent position, Employer Rudolph and Employer South Desert Human Resources Director Leean LNU tell, Employee for the fourth (4th) time there is no work for him.**

29. On or about January 14, 2019 Employer Rudolph and Employer South Desert receive notice via doctor's note to HR Director Leean that Employee's doctor is releasing Employee back to work and again requesting that Employer provide Employee an accommodation, which respects the limitation that he *may not lift/carry objects more than 10 lbs for more than 4 hours per day*, as a result of the physical, sexually harassing assault by Employer Rudolph's and Employer South Desert's Body Technician Leonardo Rangel.

30. **On or January 14, 2019, instead of returning Employee to the same or an equivalent position, Employer Rudolph and Employer South Desert Human Resources Director Leean LNU tell Employee for the fifth (5th) time there is no work for him.**

31. On or about January 28, 2019 Employer Rudolph and Employer South Desert receive notice via doctor's note to HR Director Leean that Employee's doctor is releasing Employee back to work and again requesting that Employer provide Employee an accommodation, which respects the limitation that he *may not lift/carry objects more than 10 lbs for more than 4 hours per day*, as a result of the physical, sexually harassing assault by Employer Rudolph's and Employer South Desert's Body Technician Leonardo Rangel.

32. **On or January 28, 2019, instead of returning Employee to the same or an equivalent position, Employer Rudolph and Employer South Desert Human Resources Director Leean LNU tell Employee for the sixth (6th) time there is no work for him.**

33. On or about February 11, 2019 Employer Rudolph and Employer South Desert receive notice via doctor's note to HR Director Leean that Employee's doctor is releasing Employee back to work and again requesting that Employer provide Employee an accommodation,

which respects the limitation that he *may not lift/carry objects more than 10 lbs for more than 4 hours per day*, as a result of the physical, sexually harassing assault by Employer Rudolph's and Employer South Desert's Body Technician Leonardo Rangel.

34. **On or February 11, 2019, instead of returning Employee to the same or an equivalent position, Employer Rudolph and Employer South Desert Human Resources Director Leean LNU tell Employee for the seventh (7th) time there is no work for him.**

35. On or about February 20, 2019 Employer Rudolph and Employer South Desert receive notice via doctor's note to HR Director Leean that Employee's doctor is releasing Employee back to work and again requesting that Employer provide Employee an accommodation, *may not lift/carry objects more than 4 lbs for more than 4 hours per day*, as a result of the physical, sexually harassing assault by Employer Rudolph's and Employer South Desert's Body Technician Leonardo Rangel.

36. **On or February 20, 2019, instead of returning Employee to the same or an equivalent position, Employer Rudolph and Employer South Desert Human Resources Director Leean LNU tell Employee for the eighth (8th) time there is no work for him.**

37. On or about March 4, 2019, instead of returning Employee back to work, Employer Rudolph's and Employer South Desert's Manager Michael Mayers, Manager Tommy Emler and HR Director Leean terminate the Employee's employment.

38. The Employee is Mr. Chris Gutierrez.

## V. CAUSES OF ACTION

### A. *Family & Medical Leave Act*

39. Employee Gutierrez was an eligible employee as defined by 29 U.S.C. §2611 of the FMLA because Employee Gutierrez worked for Employer Rudolph and Employer SouthDessert for at least 12 months and for at least 1250 hours of service during the previous 12-month period before Employee Gutierrez first took and or requested FMLA leave.

40. Employee Gutierrez was also an "individual" (as distinct from an "eligible employee") entitled to be free from discrimination and retaliation as set out in 29 U.S.C. §2615(a)(2),(b).

41. Employer Rudolph is a "person" under the FMLA.

42. Employer South Desert is a "person" under the FMLA.

43. Employer Rudolph and Employer South Desert violated the FMLA with respect to Employee Gutierrez in the following and other respects:

    (a) Employer Rudolph and Employer South Desert fired Employee Gutierrez on or about March 4, 2019, without providing him the leave entitlement and job-protection benefits guaranteed by the FMLA because of his own serious health condition;

    (b) Employer Rudolph and Employer South Desert willfully interfered with, restrained or denied Employee Gutierrez' exercise or Employee Gutierrez' attempts to exercise his rights provided by the FMLA on and before March 4, 2019; and

    (c) Employer Rudolph and Employer South Desert discriminated and or otherwise retaliated against Employee Gutierrez in violation of the FMLA.

### B. *Retaliation*

**44.** Employer Rudolph and Employer South Desert retaliated against Employee Gutierrez in violation of the FMLA.

## VII. DAMAGES

**45.** Plaintiff seeks statutory damages, back pay, front pay and or lost wages and benefits in the past and future, all actual monetary losses, liquidated damages, attorney's fees, expert witness fees, costs, interest and such other and further legal and equitable relief to which Employee Gutierrez is entitled.

## VIII. JURY TRIAL DEMAND

**46.** Plaintiff demands a jury trial.

**XI. PRAYER**

Plaintiff prays that he recover from Defendant monetary relief over $200,000.00 but not more than $1,000,000.00, statutory damages under the FMLA; general damages; special damages; punitive damages as determined by the jury; reinstatement; prejudgment interest as provided by law; attorney's fees and expert fees; post-judgment interest as provided by law; court costs and all costs of suit; and such other and further relief to which Plaintiff may be justly entitled to, in law and in equity. Such damages sought by Plaintiff are within the jurisdictional limits of the court.

SIGNED on February 4, 2021.

Respectfully submitted,

**Chavez Law Firm**
2101 N. Stanton St.
El Paso, TX 79902
915.351.7772 phone

By:_____
Enrique Chavez, Jr./ State Bar No.: 24001873
enriquechavezjr@chavezlawpc.com
Michael R. Anderson, State Bar No.: 24087103
manderson@chavezlawpc.com
*Attorneys for Plaintiff*